Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000897
22-OCT-2015
08:40 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---


RONDA L. RAMOS, Petitioner-Appellant, v.
THE ESTATE OF PETER JOSEPH ELSENBACH,
ELSENBACH CHILDREN'S TRUST, AND
CHRISTOPHER ELSENBACH, Respondents-Appellees


NO. CAAP-14-0000897


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(P. NO. 13-1-0182)


OCTOBER 22, 2015


FOLEY, PRESIDING J. AND LEONARD, J.
WITH REIFURTH, J. DISSENTING SEPARATELY


OPINION OF THE COURT BY FOLEY, J.

Petitioner-Appellant pro se Ronda L. Ramos (**Ramos**) appeals from the "Order Dismissing With Prejudice Claimant's Petition For Relief And Allowance Of Claims Filed October 22, 2013" (**Order**), entered on May 22, 2014 in the Circuit of the Third Circuit[1] (**circuit court**).

On appeal, Ramos contends the circuit court erred by

(1) denying "Claimant's Petition for Relief and Allowance of Claims" (**Petition**) based on a finding that it lacked

---

[1] The Honorable Elizabeth A. Strance presided.

jurisdiction to grant the Petition;

(2) failing to consider and apply Hawaiʻi Probate Rules (**HPR**) 3 and 10 when dismissing Ramos' Petition; and

(3) requiring Ramos to commence a proceeding before the appointment of a personal representation.

## I.  BACKGROUND

On April 15, April 22, and April 29, 2013, Respondents-Appellees Estate of Peter Joseph Elsenbach, Elsenbach Children's Trust, and Christopher Elsenbach (collectively, **Respondents**), published "Notice to Creditors of Peter Joseph Elsenbach" in the West Hawaii Today newspaper (**Notice to Creditors**).  The Notice to Creditors stated, in pertinent part, "All creditors of the above-name decedent [Peter Joseph Elsenbach] and/or trust are hereby notified to present their claim . . . within four (4) months from the date of the first publication of this notice, or they will be forever barred."

On August 15, 2013, Ramos prepared and delivered four "Creditor's Claims" to Respondents.

In separate letters dated and mailed on August 21, 2013, Respondents' attorney notified Ramos that all four of her claims dated August 15, 2013 were disallowed (**disallowance letters**).  The disallowance letters indicated that "if [she] wish[ed] to pursue the claim, [she] must petition the probate court or commence a proceeding for allowance of the claim no later than sixty days after the mailing of this letter" and that "[f]ailure to take action within [the] sixty-day period will bar [her] from future action to enforce [her] claim."

On October 22, 2013, Ramos filed her Petition.  Ramos' Petition sought to claim the following from Respondents:

> A) $500.00 to reimburse money borrowed from a friend to buy back some of my personal property that was being sold at an estate sale by the new owners of my previous marital residence.

> B) $360,000.00 for my providing 24 hour per day care giving services for nine (9) years to Decedent that he medically needed, but he refused to hire a nurse to provide at least the nighttime services when he required his air mask to be put back on him every 45 to 60 minutes from 8PM to 7AM on every single night of the week, and I saved his life three (3) times in the nine (9) years (Once he was totally flat lined).

2

C) $344,500.00 for my personal property that consisted of approximately 1/3rd I brought into our marriage and approximately 1/3rd I earned and brought into our nine (9) year pre-marital relationship and approximately 1/3rd that were gifts to me from both my friends and Decedent (this was part of the prior divorce court property return orders).

D) $187,400.00 for my one-half of the joint property provision of the Divorce Decree, and $4,757,018.76 comprises my one-half of the joint financial asset provision of the Divorce Decree (This amount is provided that the family releases all interest they may have in the Delrow Family Trust that I care take [sic] for the trustee, since Decedent committed fraud by borrowing me my [sic] own money and stating it was his money and that I owed him for it).

On December 2, 2013, Respondents filed their objection to Ramos' Petition.

The circuit court held hearings on Ramos' Petition on January 6, 2014 and February 10, 2014.[2] On May 22, 2014, the circuit court entered its Order, finding that it did not have jurisdiction over Ramos' Petition because her Petition was untimely. The circuit court dismissed Ramos' Petition with prejudice. On June 20, 2014, Ramos filed her notice of appeal.

## II. STANDARD OF REVIEW

"The existence of jurisdiction is a question of law that [the appellate court reviews] de novo under the right/wrong standard." Captain Andy's Sailing, Inc., v. Dep't of Land and Natural Res., 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006) (citation and internal quotation marks omitted).

## III. DISCUSSION

Ramos contends the circuit court erred in finding that it lacked jurisdiction to grant Ramos' Petition. The circuit court found that, under Hawaii Revised Statute (**HRS**) 560:3-806(a) (2006 Repl.), it did not have jurisdiction over Ramos' Petition because she failed to file her Petition within sixty days from when Respondents mailed their disallowance letters.

HRS § 560:3-806(a) provides:

**§560:3-806 Allowance of claims.** (a) As to claims presented in the manner described in section 560:3-804 within the time limit prescribed in section 560:3-803, the personal representative may mail a notice to any claimant stating that the claim has been disallowed. . . . Every

---

[2] Transcripts from the January 6, 2014 and February 10, 2014 hearings were not included in the record on appeal.

claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative <u>not later than sixty days after the mailing of the notice of disallowance</u> or partial allowance if the notice warns the claimant of the impending bar. If the notice does not warn the claimant of the impending sixty-day bar, then the claim shall be barred if no petition for allowance or other proceeding on the claim has been brought within eighteen months of the date of the decedent's death.

(Emphasis added.)

Respondents mailed their disallowance letters to Ramos on August 21, 2013. The disallowance letters specifically indicated that "if [she] wish[ed] to pursue the claim, [she] must petition the probate court or commence a proceeding for allowance of the claim no later than sixty days after the mailing of this letter" and warned that "[f]ailure to take action within [the] sixty-day period will bar [her] from future action to enforce [her] claim." Thus, HRS § 560:3-806(a) required Ramos to file her Petition in the circuit court within sixty days.

Computation of time in probate proceedings are governed by HPR Rule 10.[3] Under HPR Rule 10(d), "[w]henever a person has

---

[3]     HRS § 560:1-304 (2006 Repl.) provides that "[u]nless specifically provided to the contrary in this chapter or unless inconsistent with its provisions, the Hawai'i probate rules govern formal and informal proceedings under this chapter."

HPR Rule 10 provides in relevant part:

**Rule 10.    COMPUTATION OF TIME.**

(a) **Computation.** In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday, nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation. As used in this rule, "holiday" includes any day designated as such pursuant to Section 8-1 of the [HRS].

. . . .

(d) **Additional Time After Service by Mail.** Whenever a person has the right or is required to act within a

(continued...)

the right or is required to act within a prescribed period after the service of a notice or other paper upon the person and the notice or paper is served upon the person by mail, two days shall be added to the prescribed period." (Emphasis added.) The commentary to HPR Rule 10(d) indicates that "[t]his rule conforms the timing requirements with respect to mailings to other court rules."

In Rivera v. Dep't of Labor & Indus. Relations, 100 Hawai'i 348, 350, 60 P.3d 298, 300 (2002), the Hawai'i Supreme Court applied the two-day mail rule provided in Hawai'i Rules of Civil Procedure (**HRCP**) Rule 6(e) to compute the prescribed period for appealing an agency's decision under HRS § 91-14(b) (2012 Repl.). "HRS § 91-14(b) provides in relevant part: '(b) . . . proceedings for review shall be instituted in the circuit court within thirty days . . . after service of the certified copy of the final decision and order of the agency pursuant to rule of court[.]" Rivera, 100 Hawai'i at 349, 60 P.3d at 299. The supreme court noted that "[t]he statute is mandatory with respect to commencement of review proceedings within the time prescribed." Id. Because HRCP Rule 5(b)(3), provides that service is complete upon mailing, the supreme court held that HRCP Rule 6(e) operated to provide the parties with two additional days to file a notice of appeal. Id. The supreme court reasoned that the two day mail rule is meant to "alleviate any unfairness that might be caused by transmission by mail."[4]

---

[3](...continued)
prescribed period after the service of a notice or other paper upon the person and the notice or paper is served upon the person by mail, two days shall be added to the prescribed period.

[4] The Hawai'i Supreme Court in Rivera cited Professors Wright and Miller's analysis of HRCP Rule 6(e)'s Federal Rules of Civil Procedure counterpart to support its policy determination:

Professors Wright and Miller have commented that the counterpart Rule 6(e) of the Federal Rules of Civil Procedure ("FRCP"), which provides an additional three days to take action where service has been made by mail,

clearly is intended to protect parties who

(continued...)

Id. at 351, 60 P.3d at 301.

Similarly, this court has supported use of the two-day mail rule. In In re Brandon, 113 Hawai'i 154, 158, 149 P.3d 806, 810 (2006) this court utilized Hawaii Administrative Rules (**HAR**) § 6-61-21(e) (2005), which added two days to the prescribed period for filing a motion for reconsideration or rehearing under HRS § 271-32(b) (2007 Repl.), to determine that appellant's motion for reconsideration of a Public Utility Commission (**PUC**) order was untimely. "When an aggrieved party intends to appeal from a PUC order, '[t]he motion for reconsideration or a rehearing shall be filed within ten days after the decision and order has been served[.]'" In re Brandon, 113 Hawai'i at 157, 149 P.3d at 809 (citing HRS § 271-32(b)); see also HAR § 6-61-137 (2005) ("The motion shall be filed within ten days after the decision or order is served upon the party[.]"). Because service of the PUC order was effective on the date when "the document is properly stamped, addressed, and mailed to the last known address of the party on file with the commission or to its attorney[,]" the two-day mail rule, under HAR § 6-61-21(e), applied to give the aggrieved party two additional days to file a motion for reconsideration of the order. In re Brandon, at 157-58, 149 P.3d at 809-10 (brackets omitted).

In Waikiki Marketplace Inv. Co. v. Chair of Zoning Bd.

---

[4](...continued)

> are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b), which provides that service is complete upon mailing, not receipt; the additional three days provided by Rule 6(e) to the party being served represent a reasonable transmission time, and a fair compromise between the harshness of measuring strictly from the date of mailing and the indefiniteness of attempting to measure from the date of receipt, which in many cases would be unverifiable.

> 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1171, at 514-15 (1987).

Rivera, 100 Hawai'i at 351 n.4, 60 P.3d at 301 n.4. We note that FRCP Rule 6(e) became Rule 6(d) in 2007.

of Appeals of City & Cnty. of Honolulu, 86 Hawai'i 343, 349, 949
P.2d 183, 189 (App. 1997), this court determined how to compute
the prescribed time for appealing a Department of Land
Utilization (**DLU**) Director's decision to the Zoning Board of
Appeal (**ZBA**), pursuant to ZBA Rule 3.2. A "written petition
appealing an action of the [DLU] Director must be received at the
[DLU] within 30 days of the date of mailing or personal service
of the [DLU] Director's written decision[.]" Waikiki
Marketplace, 86 Hawai'i at 349, 949 P.2d at 189 (citing ZBA Rule
3.2). One question at issue in Waikiki Marketplace was whether
HRCP Rule 5(b) applied to ZBA Rule 3.2 to determine the manner in
which the court was to calculate the date the DLU Director's
decision was mailed. Id. at 350, 949 P.2d at 190. Although the
court in Waikiki Marketplace held that HRCP Rule 5(b) was not
applicable to a petition from the DLU Director to the ZBA, the
court noted that if it were applicable, HRCP Rule 5(b) would
invoke HRCP Rule 6(e) adding two additional days to the
prescribed period. Id. at 350-51, 949 P.2d at 190-91.

This court has previously declined to apply the two-day
mail rule where a statute's legislative history indicates an
intent that the rule not apply. See Danielson v. Tanaka, 9 Haw.
App. 484, 848 P.2d 383 (1993). Pursuant to the procedures set
forth in the Administrative Revocation of Driver's License Law,
Part XIV of HRS Chapter 286 (Repealed 2000), the appellant in
Danielson had his license administratively revoked for driving
under the influence. Id. at 486, 848 P.2d at 384. Under HRS §
286-260(a) (repealed 2000), "If the director sustains the
administrative revocation after administrative hearing, the
arrestee may file a petition for judicial review within thirty
days after the administrative hearing decision is mailed." Id.
at 486, 848 P.2d at 385 (quoting HRS § 286-260(a) (1993)
(repealed 2000) (emphasis omitted)). Appellant filed a petition
for judicial review, but the District Court of the First Circuit
dismissed his appeal as untimely. Id.

On appeal, appellant argued that his petition was
timely because, under District Court Rules of Civil Procedure

(**DCRCP**) Rule 6(e), the court should have added two days to the prescribed thirty day time period. Id. at 487, 848 P.2d at 385. When the Danielson court examined the legislative intent behind the Administrative Revocation of Driver's License Law, Part XIV of HRS [c]hapter 286, we "found that the legislature desired that the driver's license revocation process be 'expeditious,' that the law be administered 'property and quickly,' and that 'any lengthy delay in the hearing process' is not to be tolerated." Id. at 488, 848 P.2d at 385 (citing Aspinwall v. Tanaka, 9 Haw. App. 396, 403, 843 P.2d 145, 149 (1992)). The Danielson court held that DCRCP Rule 6(e) was not applicable to enlarge the thirty-day filing requirement under HRS § 286-260(a) for two reasons. First, the legislative history of the law indicated an intent that "judicial review of the administrative license revocation decision be expeditious and without delay." Second, the legislature did not intend that the time period be computed in accordance with DCRCP Rule 6 because of "Part XIV's inclusion of HRS § 286-266 [(1993) (repealed 2000)] regarding computation of time, which is covered in DCRCP Rule 6(a), and Part XIV's non-inclusion of contents of DCRCP Rule 6(e) in Part XIV." Id. at 488, 848 P.2d at 385-86. Without applying the DCRCP's two-day mail rule, this court determined that appellant's petition was untimely. Id.

In the instant case, HPR's rules govern the calculation of the time prescribed in HRS § 560:3-806(a). HRS § 560:1-304 (Practice in court), provides that "[u]nless specifically provided to the contrary in this chapter or unless inconsistent with its provisions, the Hawai'i probate rules govern formal and informal proceedings under this chapter." The Uniform Probate Code's process for presenting a claim does not indicate that HPR rules should not apply or that application of HPR rules would be inconsistent with the code's provision. See HRS §§ 560:3-801 et. seq (2006 Repl.). Unlike Danielson, the Uniform Probate Code does not include its own provision for how to compute time restraints, further indicating an intent to utilize HPR's rules for computation of time. Compare Uniform Probate Code, HRS

chapter 560 <u>with</u> <u>Danielson</u>, 9 Haw. App. at 488, 848 P.2d at 386 (summarizing Administrative Revocation of Driver's License Law, Part XIV of HRS Chapter 286). Also unlike <u>Danielson</u>, HRS § 560:3-806's legislative history does not indicate that policymakers intended the process for presenting a claim be "expeditious" or administered "properly and quickly." <u>Compare</u> Conf. Comm. Rep. No. 77, in 1996 House Journal, at 991, in 1996 Senate Journal, at 773 (Uniform Probate Code, HRS Chapter 560's legislative history), <u>with</u> Conf. Comm. Rep. No. 137, in 1990 Senate Journal, at 681-82 (statement of Sen. Salling) (Administrative Revocation of Driver's License Law, Part XIV of HRS chapter 286's legislative history). Therefore, much like the court's determination in <u>Rivera</u>, the computation of time pursuant to HRS § 560:3-806(a) is governed by HPR Rule 10, which includes HPR's two day mail rule under HPR Rule 10(d). <u>See</u> <u>Rivera</u>, 100 Hawaiʻi at 350, 60 P.3d at 300.

HRS § 560:3-806(a) established that the sixty-day period in which Ramos may have filed her Petition for claims began to run after the mailing of the disallowance letters. <u>See</u> HRS § 560:3-806(a). Therefore, HRS § 560:3-8069(a) triggered HPR Rule 10(d), and two days were added to the prescribed time period, resulting in a sixty-two-day period to file her Petition. <u>See id.</u>; HPR Rule 10(d); <u>Rivera</u>, 100 Hawaiʻi 348, 351, 60 P.3d 298, 301 (holding that "when HRCP Rule 6(e) is triggered . . . HRCP Rule 6(e) is applied instantly to extend the original prescribed period for action by two days") (emphasis omitted)). Ramos, therefore, had a total of sixty-two days to file her Petition with the circuit court.

Pursuant to HPR Rule 10, the sixty-two-day time limit began to run on August 22, 2013, the day after Respondents mailed their disallowance letters. <u>See</u> HPR Rule 10 ("In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included."). The sixty-second day was Tuesday, October 22, 2013. Ramos needed to have filed her claim by that

date in order to be within the sixty-two-day period. Ramos filed her Petition on October 22, 2013 at 3:43 PM. Ramos' Petition was, therefore, timely and the circuit court erred in finding that it did not have jurisdiction over Ramos' Petition.[5] See HRS § 560:3-806(a).

### IV. CONCLUSION

Therefore, we vacate the "Order Dismissing With Prejudice Claimant's Petition For Relief And Allowance Of Claims Filed October 22, 2013," entered on May 22, 2014 in the Circuit of the Third Circuit, and remand this case for further proceedings consistent with this opinion.

On the briefs:

Ronda L. Ramos
Petitioner-Appellant pro se.

Kenn N. Kojima
and
Edward J. Bybee
separately for
Respondents-Appellees.

---

[5] Because we hold that Ramos' Petition was timely, we need not address her other points on appeal.